UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SHARON TELFAIR,

                     Plaintiff,

          -v-

LE PAIN QUOTIDIEN U.S., VINCENT HERBERT,
THOMAS HALLEN, HEATHER BIAS HOLLAND, and
ALAIN COUMONT,

                     Defendants.

------------------------------------------------------------X

16 Civ. 5424 (PAE) (GWG)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-18-17

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Sharon Telfair, proceeding *pro se*, brings this employment discrimination case against her former employer, defendant Le Pain Quotidien U.S. ("LPQ"), and various individual defendants she alleges discriminated against her, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17, and other federal statutes and state law. On January 19, 2017, defendants Heather Bias Holland and Alain Coumont moved to dismiss the claims Telfair brings against them under Federal Rule of Civil Procedure 12(b), based on insufficient service of process as to both Holland and Coumont, and on lack of personal jurisdiction as to Coumont. *See* Dkts. 27–31. Telfair did not respond to defendants' motion. Before the Court is Judge Gorenstein's March 8, 2017 Report and Recommendation, Dkt. 35 (the "Report"), which recommends granting the motions—based on lack of personal jurisdiction as to Coumont under Rule 12(b)(2) and based on insufficient service of process as to Holland under Rule 12(b)(5). The deadline for Telfair to file objections to the Report was March 22, 2017. To date, the Court has received no objections.

For the following reasons, the Court adopts the Report in its entirety.

I.  **Discussion**

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). But when the objections simply reiterate previous arguments or make only conclusory statements, the court should review the Report and Recommendation for clear error. *Dickerson v. Conway*, No. 08 Civ. 8024 (PAE) (FM), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013); *see also Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009) (collecting cases). This is so even in the case of a *pro se* plaintiff. *Cf. Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Further, "[c]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted); *see also Pan Am. World Airways v. Int'l Bhd. Of Teamsters*, 894 F.2d 36, 40 n.3 (2d Cir. 1990) ("A district judge is not required to hear or rehear any witness, and Pan Am had no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate.").

2

The Court has carefully reviewed Judge Gorenstein's Report and, no objections having been submitted, finds no facial error in its conclusions. Instead, the Report is thorough and persuasive, and the Court adopts it without modification.

## CONCLUSION

The Court adopts the Report in its entirety. Further, Telfair's failure to file timely written objections to the Report constitutes a waiver of her right to appellate review of the report. *See, e.g., Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd, and Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Accordingly, the Court grants Holland's motion to dismiss the claims against her based on insufficient service of process under Rule 12(b)(5) and the Court grants Coumont's motion to dismiss the claims against him based on lack of personal jurisdiction under Rule 12(b)(2). The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 27, and to terminate Holland and Coumont from this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: April 18, 2017
New York, New York